**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0491n.06

**No. 14-1925**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 09, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellee, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | |
| DERIK EUGENE ROTHROCK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |

BEFORE:    CLAY and McKEAGUE, Circuit Judges; BERTELSMAN, District Judge.[*]

**PER CURIAM.**    Pursuant to a Plea Agreement with the Government, Defendant-Appellant Derik Rothrock pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).  The district court then sentenced Rothrock to 480 months' imprisonment. Rothrock now appeals, arguing that his guilty plea lacked a sufficient factual basis and that the district court's sentence is procedurally and substantively unreasonable.  We **AFFIRM**.

I.

On January 9, 2014, a federal grand jury in the Western District of Michigan returned a six-count indictment against Rothrock.  Counts I–IV of the Indictment charged Rothrock with

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

sexual exploitation of three different children, in violation of 18 U.S.C § 2251(a). Those four

Counts also referenced 18 U.S.C. § 3559(e), giving Rothrock notice that he was subject to a

mandatory sentence of life imprisonment on each Count if convicted due to his prior convictions

for sex offenses against minors. Count V of the Indictment charged Rothrock with possession of

child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Count VI of the Indictment

charged Rothrock with commission of a felony offense involving a minor when required to

register as a sex offender, in violation of 18 U.S.C. § 2260A.

On February 28, 2014, Rothrock entered into a Plea Agreement with the United States.

In exchange for the Government dropping the charges contained in the Indictment that would

have exposed him to mandatory life imprisonment, Rothrock agreed to waive his right to

indictment by a grand jury and to plead guilty to a Superseding Felony Information charging him

with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Rothrock also

agreed to two other important points in his Plea Agreement with the Government.

First, paragraph two of the Plea Agreement ensured that Rothrock understood the

elements of the crime charged:

> In order for the Defendant to be guilty of violating [18 U.S.C. §] 2252A(a)(2)(A), the following must be true:
>
> a.      The Defendant knowingly received child pornography;
>
> b.      Such items of child pornography has [sic] been shipped and transported in . . . interstate or foreign commerce by any means, including by computer; and
>
> c.      The Defendant knew that such items constituted child pornography.
>
> The Defendant is pleading guilty because he is guilty of the charge described above.

Rothrock thus agreed in writing that he knowingly received child pornography.

Second, paragraph thirteen of the Plea Agreement contained a waiver of some of Rothrock's rights to appeal his sentence and a waiver of his right to attack collaterally his conviction and sentence. That waiver states:

> The Defendant understands that the law affords the Defendant the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal the sentence as determined by the Court at sentencing, and the manner in which the sentence was determined on the grounds set forth in [18 U.S.C. §] 3742. The Defendant also waives the right to challenge the conviction and sentence and the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under [28 U.S.C. §] 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel). Nevertheless, as a matter of law, the Defendant retains the right to appeal a sentence that exceeds the statutory maximum, or is based upon an unconstitutional factor such as race, religion, national origin or gender. The Defendant also retains the right to appeal those objections preserved at sentencing that the Court incorrectly determined the final Guideline range. The Defendant acknowledges that this waiver is in exchange for the substantial concessions made by the U.S. Attorney's Office in this plea agreement . . . .

Rothrock thus knowingly waived some of his post-conviction rights in the Plea Agreement, including his right to appeal directly a sentence at or below the statutory maximum. But, as the Government implicitly acknowledges, Rothrock did not waive his right to appeal directly his conviction or guilty plea.

On March 4, 2014, the parties filed their Plea Agreement with the district court. The Government filed the Superseding Felony Information on the same day, charging Rothrock with one count of receipt of child pornography pursuant to the Plea Agreement.

On March 7, 2014, Rothrock appeared before a United States Magistrate Judge for a change-of-plea hearing. In accordance with the Plea Agreement, Rothrock agreed in open court to waive his right to indictment by grand jury. Rothrock also consented to have the Magistrate Judge conduct the change-of-plea hearing.

At the hearing, the Magistrate Judge directed the Assistant United States Attorney to read a summary of the provisions of the Plea Agreement into the record, including the entirety of the waiver of appeal and collateral-attack rights. After all of the relevant provisions of the Plea Agreement were in the record, the Magistrate Judge and Rothrock engaged in the following colloquy:

> THE COURT: Next please turn to page 8. Page 8, it's paragraph 13, waiver of appeal and collateral attack. That was just read into the record. You heard that -- you have got to speak up just a little bit.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: In that paragraph you're waiving certain rights you have to file an appeal or what's known as a collateral attack. You've talked to your attorney about this?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You understand that paragraph?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And that's your decision?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You've read and reviewed the entire plea agreement, correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You understand it all?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: It's all accurate?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You agree with it all?
>
> THE DEFENDANT: Yes, sir.

Rothrock thus confirmed on the record that he understood all the terms of the Plea Agreement, and specifically the appeal-waiver provision.

The Magistrate Judge then proceeded to determine the factual basis for Rothrock's plea:

THE COURT:  Mr. Rothrock, in your own words, what did you do that makes you think you're guilty of this offense?

THE DEFENDANT:  I, what I said I used the phone, I talked to her, I knew how old she was.

THE COURT:  About how old did you understand her to be?

THE DEFENDANT:  15.  And I asked her for pictures of her body.

THE COURT:  When did this occur?

THE DEFENDANT:  Oh, in July.

THE COURT:  2012 or 2013?

THE DEFENDANT:  Last year.

THE COURT:  July 2013. You were in Kalamazoo County?

THE DEFENDANT:  Yeah, I was there for three days, two days.

THE COURT:  You used your phone for this purpose?

THE DEFENDANT:  It was my iPhone 4S which I bought with my own money.

THE COURT:  And through use of this phone, text messaging[,] you sent messages to this woman you knew was 15 years old?

THE DEFENDANT:  Yes, sir.

THE COURT:  You asked her to send you some pictures?

THE DEFENDANT:  Yeah.  Quite a few.

THE COURT:  And did she send you some pictures?

THE DEFENDANT:  Yeah, yeah, she sent me quite a few pictures.

THE COURT:  And those pictures depicted child pornography?

THE DEFENDANT:  Yes.  Fully naked.

Following this colloquy, the Magistrate Judge determined that Rothrock had entered his guilty plea voluntarily and that the plea had a sufficient factual basis. Importantly, neither Rothrock nor his counsel objected before the Magistrate Judge that Rothrock's plea lacked a sufficient factual basis.

On the same day as the change-of-plea hearing, the Magistrate Judge issued a Report and Recommendation, recommending to the District Judge that the court accept Rothrock's guilty plea. Neither Rothrock nor the Government objected to the Report and Recommendation; the District Judge adopted it on March 27, 2014, adjudicating Rothrock guilty of the charge in the Superseding Felony Information.

On July 14, 2014, Rothrock appeared before the District Judge for sentencing. Although the transcript from the sentencing hearing reveals some confusion between the court, counsel, and the probation officer as to the proper Offense Level—due to the District Judge's categorical disagreement with the Guidelines and refusal to apply a sentence enhancement for use of a computer, resulting in a lower Guidelines range for Rothrock[1]—neither Rothrock nor his counsel objected to the final calculation. And after the district court announced its decision to vary upward from the Guidelines range to the statutory-maximum sentence of 480 months' imprisonment, again neither Rothrock nor his counsel objected.

The district court entered judgment on the same day as the sentencing hearing. Rothrock filed a timely Notice of Appeal on July 22, 2014.

---

[1] The District Judge initially stated that Rothrock's Guidelines range would be 360 to 480 months' imprisonment if she were to follow the recommendations of the presentence report. Following the District Judge's removal of the enhancement for use of a computer, Rothrock's Guidelines range became 324 to 405 months.

II.

Rothrock's appeal challenges the validity of his guilty plea and the reasonableness of his sentence. As to the challenge to his guilty plea, Rothrock argues that the district court failed to determine that there was a sufficient factual basis for the plea pursuant to Federal Rule of Criminal Procedure 11(b)(3). Plain-error review applies to this aspect of his appeal. *United States v. Vonn*, 535 U.S. 55, 58 (2002) (holding "that a silent defendant has the burden to satisfy the plain-error rule" when raising a Rule 11 challenge for the first time on appeal).

As to the challenge to the reasonableness of his sentence, Rothrock argues first that the involuntariness of his guilty plea invalidates the Plea Agreement. We review de novo whether a defendant validly waived his right to appeal his sentence in a plea agreement. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005). He next argues that the district court committed a procedural sentencing error by failing to make a ruling clarifying confusion as to the correctness of the Guidelines calculation and a substantive sentencing error by basing its upward variance primarily on concerns of recidivism.

### A.      Challenge to Guilty Plea

To succeed on his challenge that the district court plainly erred under Rule 11(b)(3) by failing to determine that there was a sufficient factual basis for his guilty plea, Rothrock "must show that there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or reputation of judicial proceedings." *United States v. Lalonde*, 509 F.3d 750, 757–58 (6th Cir. 2007) (quoting *Murdock*, 398 F.3d at 496) (internal quotation marks omitted).

Additionally, in order to satisfy the plain-error standard when raising an unpreserved Rule 11 challenge, this Court requires a defendant to make "a heightened showing of prejudice" on the substantial-rights prong. *United States v. Taylor*, 627 F.3d 1012, 1018 (6th Cir. 2010) (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). To meet this heightened burden, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (quoting *Dominguez Benitez*, 542 U.S. at 83) (internal quotation marks omitted). When assessing the effect of an unpreserved Rule 11 error, this Court looks to the entire record, not just the plea proceedings. *Id.* (citing *Dominguez Benitez*, 542 U.S. at 80).

Looking at the entire record and assuming *arguendo* in Rothrock's favor that the district court committed a plain Rule 11(b)(3) error (a generous assumption), Rothrock cannot meet the "heightened showing of prejudice" required by this Court's decision in *Taylor*, 627 F.3d at 1018. There is little room for doubt that Rothrock would have entered the Plea Agreement offered by the Government. First, the evidence of Rothrock's guilt on the crimes charged in the Indictment is overwhelming. Second, conviction on the crimes charged in the Indictment would have resulted in Rothrock receiving a mandatory sentence of life imprisonment plus ten years.

The Indictment shows that the Government possessed evidence that all but guaranteed Rothrock's conviction on all the Counts charged. As to Count I, the Government possessed copies of text-message conversations between Rothrock and Minor #1 wherein Rothrock requested fully nude images from Minor #1 and Minor #1 agreed to provide those images. The Government also possessed the images that Minor #1 sent to Rothrock. As to Count II, the Government possessed a copy of the sexually explicit image that Rothrock took of Minor #2 while engaged in sexual acts with her. As to Count III, the Government possessed copies of text-

message conversations between Rothrock and Minor #2 wherein Rothrock requested fully nude images from Minor #2 and Minor #2 agreed to provide those images. The Government also possessed the images that Minor #2 sent to Rothrock. As to Count IV, the Government possessed the same categories of evidence, text messages and fully nude images, from Rothrock's interactions with Minor #3. As to Count V, the Government possessed Rothrock's cell phone that contained all of the images previously referenced.

In the event that Rothrock had chosen to proceed to trial on the crimes charged in the Indictment, then he would have exposed himself to almost-certain incarceration for life plus ten years. Conviction on any one of the Counts of sexual exploitation of a minor would have required the district court to sentence Rothrock to life imprisonment pursuant to 18 U.S.C. § 3559(e). Conviction on Count VI would have required the district court to impose an additional, consecutive ten-year sentence pursuant to 18 U.S.C. § 2260A.

Faced with such overwhelming evidence of his guilt and the distinct possibility of dying in federal prison, there is no reasonable probability that, but for the alleged Rule 11(b)(3) error, Rothrock would not have pled guilty. We accordingly hold that Rothrock cannot satisfy the heightened plain-error standard in order for this Court to set aside his guilty plea.

### B.    Sentencing Challenge

A district court meets the requirements of Rule 11 "by ensuring that the appellate-waiver provision was discussed in open court and that [the defendant] understood his plea agreement." *United States v. Sharp*, 442 F.3d 946, 952 (6th Cir. 2006). Because the Magistrate Judge discussed the appeal-waiver provision of the Plea Agreement with Rothrock at the change-of-

plea hearing and ensured that Rothrock understood all the terms of the Plea Agreement, we conclude that Rothrock validly waived his right to appeal most aspects of his sentence.

Rothrock therefore may only appeal his sentence if his appeal falls within one of the exceptions to the appeal-waiver provision of the Plea Agreement. Rothrock's sentence does not exceed the statutory maximum, and he does not argue that the district court based the sentence on unconstitutional factors. Furthermore, neither Rothrock nor his counsel objected to the final Guidelines calculation at sentencing, despite having two opportunities to do so. We accordingly decline to address Rothrock's arguments with respect to the procedural and substantive reasonableness of his sentence.

III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.